JUSTICE COTTER
concurs.
¶45 I concur in the Court’s resolution of Issues Two and Three. Although I concur in the ultimate result of the Court’s decision on Issue One, I strongly disagree with the analysis leading to that result. *307 ¶46 As noted by the Court at ¶ 31, this Court concluded in State v. Mason, 2003 MT 371, 319 Mont. 117, 82 P.3d 903 that it was permissible for a district court at sentencing to consider evidence that the defendant had committed other crimes or acts, even if those crimes were simply charged and then dismissed pursuant to a plea bargain agreement. Thus, a court may consider at sentencing ostensible crimes or misconduct which has neither been admitted by the defendant nor proven by the State to have occurred. I joined Justice Leaphart’s dissent from that decision, and continue to believe the Court’s decision in this regard is wrong. However, I recognize that this is nonetheless the law of this state.
¶47 Notably, Mason premised his challenge to the district court’s consideration of the other crimes evidence on due process grounds. Mason, ¶ 15. Here, by contrast, Hill expressly challenges the inclusion of the dismissed charge in the State’s presentation to the District Court at sentencing, as a breach of the plea bargain agreement. I would conclude the State did breach the plea agreement.
¶48 The Court says that the plea agreement does not preclude the State from presenting the facts of the dismissed information at sentencing. We then say the prosecutor “came dangerously close to breaching the plea agreement by characterizing K.S. as a victim and stating that the case was not dismissed because of a lack of evidence.” (Opinion, ¶ 30), but we then conclude she didn’t come close enough. With due respect, the prosecutor crossed the line we have set for plea bargain enforcement, and we have wrongly countenanced that conduct.
¶49 We have repeatedly held that a plea agreement is a contract between the State and the defendant, and is subject to contract law standards. State v. Rardon, 2002 MT 345, ¶ 18, 313 Mont. 321, 61 P.3d 132 (Rardon II). We have also said that the State may not retain the benefit of its plea bargain agreement, but avoid its obligation. Rardon II, ¶ 18 (citing State v. Bowley, 282 Mont. 298, 314, 938 P.2d 592, 601 (1997) (Trieweiler, J., specially concurring)). Here, the State quite plainly both retained the benefit of its plea agreement and avoided its obligation when it agreed in exchange for Hill’s plea to dismiss the information alleging sexual abuse of children, but then turned around and used the dismissed information evidence to buttress its sentencing argument. When the State told the District Court it must not forget that the defendant had victimized K.S., that the case against Hill for the offense was strong, and that K.S. had been substantially impacted by the crime, it hardly complied with the “strict and meticulous *308 standards of both promise and performance” which we have held are attendant to plea agreements. Rardon II, ¶ 18.
¶50 In Rardon II, we held that soliciting evidence in an effort to enhance a sentence undercut the recommended disposition which formed the consideration for the plea agreement, and that such conduct was unacceptable. Rardon II, ¶22. It is simply disingenuous to say, as we do here, that offering evidence gleaned from a charge that was dismissed as consideration for a plea of guilty does not amount to a breach of the plea agreement. Clearly, the consideration for Hill’s plea was dismissal of the very charge which the State then resurrected in its endeavor to enhance Hill’s sentence. I would conclude there was a failure of consideration as a result of the State’s conduct.
¶51 When consideration fails, the failure constitutes a material breach of the contract, which gives rise to the equitable remedy of rescission of the agreement. Norwood v. Service Distributing, Inc., 2000 MT 4, ¶¶ 32-33, 297 Mont. 473, 994 P.2d 25. In State v. Rardon, 1999 MT 220, 296 Mont. 19, 986 P.2d 424 (Rardon I), we held that where the government breaches a plea agreement, the defendant may seek to withdraw his guilty plea or seek specific performance of the plea agreement. Rardon I, ¶ 13. Here, however, Hill did not seek either remedy in the District Court, nor did he do so in his briefs on appeal to this Court, seeking instead only to reverse his conviction. Because he did not seek rescission or specific performance in the District Court, we will not consider such a request made for the first time on appeal. Whitehorn v. Whitehorn Farms, Inc., 2008 MT 361, ¶ 21, 346 Mont. 394, 195 P.3d 836 (quotation omitted) (“The general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party’s change in legal theory.”). It is for this reason alone that I concur in the ultimate result reached by the Court as to Issue One.
¶52 I concur.
JUSTICE NELSON and JUSTICE LEAPHART join in the Concurrence of JUSTICE COTTER.